IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02771-BNB

JEREMY D. HOWARD,

    Plaintiff,

v.

ADRIENNE GREENE, ADA,
JUDGE BRIAN R. WHITNEY,
REBEKKA ADAMS-HIGGS, PD,
VICTIM-WITNESSES, and
MITCHELL R. MORRISSEY, DA,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Jeremy D. Howard, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Skyline Correctional Center in Cañon City, Colorado.  Mr. Howard, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of a state court criminal conviction.  For the reasons stated below, the action will be dismissed.

The Court must construe the Prisoner Complaint liberally because Mr. Howard is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id.*

Mr. Howard asserts that his due process rights were violated when (1) defendants prosecuted him for a crime he did not commit in Colorado Criminal Case No. 04CR404; and (2) his public defender failed to effectively defend him regarding the alleged possession of a weapon and his prior felony record..  Compl. ECF No. 6, at 4-14.  Mr. Howard seeks money damages and a declaratory judgment that Defendants' acts violated his constitutional rights.  *Id.* at 16.

Mr. Howard's claims for damages may be asserted in a § 1983 action.  The claims, nonetheless, are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.

Based on Mr. Howard's description of the nature of this case, it is apparent that he has not invalidated the conviction and sentence at issue.  The Court, therefore, finds that Mr. Howard's claims for damages challenging the validity of his state court criminal resentencing are barred by the rule in *Heck* and must be dismissed.  These claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

Mr. Howard's Complaint suffers from other deficiencies.  Defendant Judge Brian R. Whitney is absolutely immune from liability in civil rights suits when he acts in his judicial capacity, unless he acts in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Judge Whitney was acting in his judicial capacity when he convicted and sentenced Mr. Howard; he was not acting in the clear absence of all jurisdiction.  Therefore, the claims Mr. Howard asserts against Judge Whitney are barred by absolute judicial immunity.

Defendant Mitchell R. Morrissey enjoys immunity from suit for his prosecutorial activities under 42 U.S.C. § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976).  Mr. Howard's allegations against Defendant Morrissey involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).  Therefore, Defendant Morrissey is an inappropriate party to this action based on absolute immunity.

Defendant Rebekka Adams-Higgs, who represented Mr. Howard, is not a state actor under § 1983 whether she is a private attorney or a public defender, and is not a proper party to this action.  *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Finally, to the extent that Mr. Howard seeks declaratory relief, his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action.  If Mr. Howard wishes to pursue any habeas corpus claims he must file a separate habeas corpus

action. Before seeking habeas corpus relief in federal court, Mr. Howard must exhaust state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Howard files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and to 28 U.S.C. § 1915(e)(2)(B)(ii). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  7th  day of   November  , 2013.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court